In the Matter of the Application of THE ATTORNEY-GENERAL for Leave to Commence an Action to Annul the Charter of THE CENTRAL STAMPING COMPANY.

*Action to annul a corporate charter — violation of the Code of Civil Procedure, § 1798 — application for leave to bring such action, how made — the duty of the Attorney-General cannot be delegated.*

An order permitting an action to be brought to annul the charter of a corporation, because the corporation has violated section 1798 of the Code of Civil Procedure, should not be granted, except on the written application of the Attorney-General to the court, stating that, in his opinion, the action can and ought to be maintained for reasons given.

The duty is devolved upon him by statute to determine whether, in his opinion, the action can and should be maintained, and this duty he cannot delegate. His determination must be made as the basis of an application, and evidence of it must be presented to the court.

APPEAL by The Central Stamping Company from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of April, 1894, as granted leave to the Attorney-General of the State of New York to bring an action against said company to procure a judgment vacating its charter and annulling its existence.

*Howard Mansfield*, for the appellant.

*Louis Marshall*, for the Attorney-General, respondent.

PER CURIAM:

An order permitting an action to be brought to annul the charter of a corporation, because it has violated section 1798 of the Code of Civil Procedure, should not be granted except on the written application of the Attorney-General to the court, stating that, in his opinion, the action can and ought to be maintained for reasons given. By statute the duty is devolved on him to determine whether, in his opinion, the action can and should be maintained, which duty he cannot delegate. This determination must be made as the basis of an application, and evidence of it must be presented to the court. In this case no application has been made by the Attorney-General or by any one who swears that he is authorized to act for him, and there is no evidence in the record that the Attorney-General has determined that an action should be brought or that this particular application should be made. In matters so important as the beginning of actions for the dissolution of corporations, such a practice is too loose and ought not to be tolerated. If the Attorney-General be of the opinion that such action can and ought to be maintained, he should make a written application to the court stating his conclusions, accompanied by such affidavits and evidence as is deemed necessary to support the application. The application in this case, if such it can be called, is simply an affidavit made by an attorney, in which it is stated that in the opinion of the affiant a cause of action exists, and that the suit should be brought, but the affiant does not

state that he has been authorized to represent the Attorney-General or to make the application in his behalf. We have not overlooked the opinion of the Attorney-General, contained in the record, in which he says: "Counsel for petitioner may apply in my name, upon notice to the corporation for leave to commence the action." Counsel did not apply in the name of the Attorney-General, but in his own. It is not stated in the opinion that the Attorney-General has determined that an action can or ought to be maintained. This is altogether insufficient to authorize the court to grant the order, which should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, without prejudice to the right of the Attorney-General to apply for leave to bring an action.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, without prejudice to the right of the Attorney-General to apply for leave to bring action.