In the Matter of the Application of the ATTORNEY-GENERAL, Respondent, for Leave to Commence an Action to Annul the Charter of THE CENTRAL STAMPING COMPANY, Appellant.

*Action to vacate the charter of a corporation — form and substance of an application therefor by the Attorney-General — form and effect of the order.*

Before leave will be given by the court for the bringing of an action to vacate the charter and to annul the existence of a corporation, the Attorney-General must make a written application which should point out to the court the particular act or acts done or omitted which, in the judgment of the Attorney-General, are sufficient to justify the bringing of such an action, and it should allege wherein the corporation has violated the laws of the State — what it has done or omitted — which allegation should be supported by sufficient evidence to render it probable that a cause of action exists.

The authority to commence the action will not be granted, as a matter of course, on the application of the Attorney-General.

The petition of the Attorney-General for leave to bring an action to vacate the charter and annul the existence of a corporation, contained an allegation of which the following is a copy: "After a full and careful consideration of the affidavits, contracts and other exhibits so presented before your petitioner hereinbefore referred to, of which copies are hereto annexed, your petitioner has arrived at the determination that the public interests require that an action should be brought by him in the name of the People of the State of New York to annul the charter of The Central Stamping Company, for the reason that the said Central Stamping Company has exceeded and abused its powers to the detriment of the public; has attempted to exercise powers and privileges not authorized by its charter, and has violated various provisions of the law under which it was organized and the laws of the State binding upon it; and the public interests require that such an action should be commenced, and I believe such action can be maintained."

*Held*, that such petition was too indefinite to justify the court in granting the application and authorizing the action to be brought;

That the order in such case should specify the grounds on which the action is to be brought, since the court in granting a general order abandons all control over the action, and it thus becomes possible to bring an action upon any one or all of the grounds stated or shadowed forth, or upon grounds not disclosed, in the affidavits annexed to the application of the Attorney-General.

APPEAL by The Central Stamping Company from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of July, 1894, granting leave to the Attorney-General to bring an action against the Central Stamping Company to procure a judgment vacating the charter and annulling the existence of the said company.

*Howard Mansfield,* for the Central Stamping Company, appellant.

*Louis Marshall,* for the Attorney-General, respondent.

FOLLETT, J. :

Section 1798 of the Code of Civil Procedure provides that upon leave being granted by the court the Attorney-General may bring an action to vacate the charter or annul the existence of a corporation, upon the ground that it has either,

" 1. Offended against any provision of an act, by or under which it was created, altered or renewed, or an act amending the same, and applicable to the corporation ; or,

" 2. Violated any provision of law, whereby it has forfeited its charter, or become liable to be dissolved, by the abuse of its powers ; or,

" 3. Forfeited its privileges or franchises by a failure to exercise its powers ; or,

" 4. Done or omitted any act which amounts to a surrender of its corporate rights, privileges and franchises ; or,

" 5. Exercised a privilege or franchise not conferred upon it by law."

When this matter was first before this court it was held that leave should not be granted to bring an action to annul the charter of a corporation without the written application of the Attorney-General to the court stating that, in his opinion, the action could and ought to be maintained for reasons given. (79 Hun, 369.) The matter now comes before the court on a petition of the Attorney-General, which states : " After a full and careful consideration of the affidavits, contracts and other exhibits so presented before your petitioner hereinbefore referred to, of which copies are hereto annexed, your petitioner has arrived at the determination that the public interests require that an action should be brought by him in the name of the People of the State of New York to annul the charter of The Central Stamping Company, for the reason that the said Central Stamping Company has exceeded and abused its powers to the detriment of the public ; has attempted to exercise powers and privileges not authorized by its charter, and has violated various provisions of the law under which it was organized and the laws of the State binding upon it ; and the public interests require that such an action should be commenced, and I believe such action can be maintained."

This, we think, is too indefinite to justify the court in authorizing an action to be brought. It is asserted that the corporation "has exceeded and abused its powers to the detriment of the public," but what powers it has exceeded and abused, or what it has done that it ought not to have done, is not stated in the petition. It is also asserted that it "has attempted to exercise powers and privileges not authorized by its charter, and has violated various provisions of the law under which it was organized and the laws of the State binding upon it." It does not state what powers and privileges the corporation has attempted to exercise not authorized by its charter, nor what statutes it has violated. Before authority should be given to bring an action to vacate the charter, or to annul the existence of a corporation, the Attorney-General should point out in his application to the court the particular act or acts done or omitted, which, in his judgment, are sufficient to justify the bringing of such an action, and should allege in his petition wherein the corporation has violated the laws of the State — what it has done or omitted — which allegations should be supported by sufficient evidence to render it probable that a cause of action exists. The fact that such an action has been begun is usually destructive of the credit and business of the corporation assailed, and authority to commence such an action should not be lightly given. Authority will not be granted, as a matter of course, on the application of the Attorney-General.

It may be said that if the court will look into the affidavits annexed to this petition sufficient grounds for an action will be found. We have looked into the record and find several grounds stated and shadowed forth, some of which the court may deem sufficient, and others quite insufficient. But upon which ground or grounds the Attorney-General proposes to found his action is nowhere disclosed, and, under the general order granted, an action may be brought upon any one or all of the grounds stated or shadowed forth, or upon grounds not disclosed in the affidavits. By such an order the court abandons all control over the action, and it becomes possible to bring one based on grounds not disclosed in the moving papers and which the court would not have held to be sufficient. The order in such a case should specify the grounds on which the action is to be brought.

The order should be reversed, with ten dollars costs and disburse-

ments, and the motion denied, with ten dollars costs and disburse-ments, but without prejudice to the right of the Attorney-General, on payment of costs, to apply again for leave to bring an action.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, but without prejudice to the right of the Attorney-General, on payment of costs, to apply again for leave to bring an action.