Frank Del Vecchio, J.
This is an application for an order vacating, canceling and setting aside a subpoena duces tecum served upon the petitioner, Syracuse Cooperative Milk Distributors ’ Bargaining Agency, Inc.
The subpoena was served by the Attorney-General of the State of New York pursuant to section 343 of the General Business Law and directed petitioner to appear to testify “ in regard to matters relating to the practices of John Doe and Richard Roe and others in unlawfully interfering with the free exercise of any activity in this State, or the free pursuit in this *27 State of any lawful business, trade or occupation, in the manufacture, production, transportation, marketing or sale of any article or commodity of common use or of any service, and bring with you the following books and papers, which the Attorney General deems relevant and material to the inquiry: By-laws and minutes of all meetings from March, 1954 to date; correspondence between the Bargaining Agency and its various members; cash receipts and cash disbursements records from March, 1954 to date; all dues and assessment records of individual members from March, 1954 to date; all bank statements, cancelled vouchers and cancelled checks; all general ledgers, general journals, and other bookkeeping and accounting records ”.
The affidavit submitted by the Attorney-General in opposition to the present motion makes more definite the purpose of the investigation being conducted by him in stating that he seeks information “ concerning anti-competitive activities in connection with the production, handling, sale and distribution of milk and milk products in and about the City of Syracuse.”
The moving papers consist only of a show cause order and a brief affidavit by one Curtis C. Brown, vice-president of the petitioning Bargaining Agency, which does not clearly set forth the objection to the subpoena in question. From the oral argument, however, and the memorandum of law submitted, it appears that petitioner’s claim is that (1) the Attorney-General has not stated the purpose of his investigation with sufficient particularity to permit a determination of the relevancy of the material demanded, and (2) the material sought is in fact not material to any investigation which the respondent is authorized to make, inasmuch as petitioner itself is exempt from the anti-monopoly restrictions of the Donnelly Act (General Business Law, §§ 340-347) and could not be subject to any prosecution which the respondent might undertake in connection with his investigation thereunder.
Upon all the papers before it, the court is of the opinion that the foregoing objections are without merit and that the subpoena duces tecum was properly issued.
Assuming that the subpoena is not sufficiently specific in stating the purpose of the investigation, that deficiency, if any, was cured by respondent’s affidavit supplied in opposition to the motion to quash the subpoena which the court may consider in determining the scope of the inquiry. (Matter of Dawn Operators v. Lyon, 283 App. Div. 358, appeal dismissed 307 N. Y. 673.)
*28 Sections 340-347 of the General Business Law authorize respondent to investigate monopolies and arrangements in restraint of trade and to prosecute persons engaged in such illegal combinations. As indicated above, respondent’s affidavit shows that he seeks, as part of such an investigation, information and data which he deems relevant concerning anticompetitive activities in the milk industry in the Syracuse area. There can be no question that the petitioner is closely related to the subject of the pending investigation — i.e., the production, handling, sale and distribution of milk. The purposes of the organization, as set forth in its certificate of incorporation and bylaws, includes the following:
“ This corporation is formed under and pursuant to the provisions of the Cooperative Corporations Law of the State of New York and its objects and purposes are to be those of a cooperative, non-stock dairy corporation for the mutual help of its members, not conducted for profit, for the purpose of assisting its members by performing services connected with the purchase, manufacture, preservation, drying, canning, storing, handling, utilization, marketing or sale of dairy products owned by its members or any one or more of the services above specified.
‘‘ Further, to act as á distributors’ bargaining agency with all the functions, powers and duties, expressed or implied, in or under the provisions of Chapter 383 of the Laws of 1937 as amended.” Nowhere is the petitioner authorized to engage in any activities which are not connected with the milk industry, and no claim has been made by petitioner that it is so engaged.
Petitioner does argue however that the subpoena requires the production of all its books and records and that there is no showing of the relevancy of such material. There are of course a number of decisions holding invalid a broad subpoena which requires the production of a large volume of books and records, but these cases are usually predicated upon the ground that the documents desired are not described with sufficient definiteness to enable the witness readily to identify them or that their production all at one time will unreasonably hinder the operation of the witness’ business operations. (Hale v. Henkel, 201 U. S. 43; Matter of Sun-Ray Cloak Co., 256 App. Div. 620.) Neither of these arguments is presented here.
Nor is the court satisfied that the records sought are lacking in materiality in view of the circumstances of the present case. The Court of Appeals has on at least two occasions indicated that a subpoena duces tecum issued in pursuance of valid investigatory powers conferred by the Legislature should not be *29 vacated on a preliminary objection without a strong showing of the immateriality of the records sought. (Matter of Edge Ho Holding Corp., 256 N. Y. 374; Matter of Joint Legislative Committee, 285 N. Y. 1.) The statement by the court in the latter case is particularly appropriate to the present application: “We cannot say as matter of law, upon the record at hand, that the subpoena now challenged would be futile as an aid to the legislative inquiry instituted by the Joint Eesolution. It is only when futility of such process is inevitable or obvious that there must be ‘ a halt upon the threshold ’ of the inquiry. (Matter of Edge Ho Holding Corp., 256 N. Y. 374, 382.) Proof of such futility is not in the record before us.” (P. 9.)
On the contrary, the fact that petitioner is engaged exclusively in activities within the industry which is the subject of respondent’s pending investigation leads this court to conclude that the records sought will in all probability be directly relevant to the matters under examination.
The fact that petitioner, its members, and their activities within its capacity as a milk distributors’ bargaining agency may be exempt from antimonopoly restrictions of the Donnelly Act and that they may therefore be immune from prosecution by respondent, if that be so, does not invalidate the subpoena sought to be vacated. A subpoena may be issued not only to parties to a controversy but to strangers as well. (Matter of Re-Anne Mfg. Corp. [Rosenblatt], 1 Misc 2d 717, 720.) Once it is determined — as it has been here — that the documents subpeened are material to the investigation, the power to subpoena exists (Carlisle v. Bennett, 268 N. Y. 212), and the decision whether to exercise it presents an administrative question not within the province of the courts. (Matter of Hirshfield v. Craig, 239 N. Y. 98, 110.)
Accordingly, the motion to vacate the subpoena is denied.
Prepare order.