■ In the Matter of JAMES A. RYAN, Respondent, v. TEMPORARY STATE COMMISSION OF INVESTIGATION, Appellant.— Appeal from an order of the Supreme Court, Albany County, granting respondent's motion to quash a subpœna served on him by appellant. Respondent, the County Purchasing Agent for the County of Albany, was subpœnaed to testify on January 3, 1962 at a private hearing at appellant's Albany office. On the prescribed date respondent appeared with counsel and on advice of counsel refused to answer many questions concerning his activities as County Purchasing Agent on the grounds that technically such questions were not within the scope of inquiry set out in the subpœna. Appellant thereafter continued the examination in those areas where respondent was willing to answer. On January 4, 1962 appellant served a second subpœna on respondent requiring him to appear at a private hearing before the commission at its permanent office in New York City on January 10, 1962. This second subpœna stated the subject of the investigation to be: "THE CONDUCT OF PUBLIC OFFICERS AND PUBLIC EMPLOYEES AND MATTERS CONCERNING THE PUBLIC PEACE, PUBLIC SAFETY AND PUBLIC JUSTICE, RELATING TO BUT NOT LIMITED TO THE PURCHASE AND USE OF EQUIPMENT, GOODS, SERVICES, SUPPLIES, FOODSTUFFS AND PROPERTY BY AND FOR THE PUBLIC INSTITUTIONS, AGENCIES AND DEPARTMENTS OF

THE COUNTY OF ALBANY." Respondent then brought the instant motion to quash the subpœna. This motion was granted by the court below on the grounds that (1) the subpœna did not state, in accordance with subdivision 2 of section 73 of the Civil Rights Law, the subject matter of the investigation and its issuance was in excess of the powers of the commission and an abuse of discretion and (2) the requirement that respondent appear at a hearing in New York City rather than in Albany where all other hearings in this area were being held constituted harassment and thus was an abuse of appellant's power. We cannot agree. Subdivision 2 of section 73 of the Civil Rights Law provides in part as follows: "No person may be required to appear at a hearing or to testify at a hearing unless there has been personally served upon him prior to the time when he is required to appear, a copy of this section, *and a general statement of the subject of the investigation*." (Emphasis added.) This provision is designed only to apprise the prospective witness of the general subject of the investigation not what is expected to be gleaned from the witness himself (*Matter of Sears [Shapiro]*, 1 A D 2d 848, affd. 1 N Y 2d 693). The statute which created the commission prescribes among its functions, powers and duties, the duty and power to conduct investigations in connection with "The conduct of public officers and public employees" and "Any matter concerning the public peace, public safety and public justice." (L. 1958, ch. 989, § 2, subd. 1, pars. a, b.) Thus the first part of the description used in the subpœna is taken directly from the statute. Respondent contends, however, and the court below has found that the phrase "relating to but not limited to" used in the subpœna preceding the specific area of investigation would permit a fishing expedition into extraneous and irrelevant matters and thus respondent would not receive the protection subdivision 2 of section 73 was designed to afford him. We do not find such to be the case. In determining if there has been compliance with subdivision 2 of section 73 the last paragraph of section 73 must be read therewith. This paragraph provides in substance that a witness is relieved from the requirement of attending or testifying only if there has been "substantial non-compliance" with the specific provisions of section 73 by the agency. Considering the subpœna itself, the record here involved and the affidavits submitted by appellant in opposition to the motion to quash (see *Matter of Dawn Operators* v. *Lyon*, 283 App. Div. 358, appeal dismissed 307 N. Y. 673; *Matter of Lawrence Aluminum* v. *Lefkowitz*, 20 Misc 2d 739; *Matter of Syracuse Coop. Milk Distrs.' Bargaining Agency* v. *Attorney-General*, 13 Misc 2d 26) we are unable to find "substantial" noncompliance on the part of appellant. Respondent is fairly apprised of the area of investigation being conducted. We do not construe the language objected to as permissive of a general substantial deviation from the specific area described but to prevent any technical or semantic disputes such as developed at the first hearing. We do not, however, regard the language as surplusage. As to the contention that scheduling the hearing in New York rather than Albany constitutes harassment, we need only point out that the statute gives appellant the power to conduct investigations at any place within the State (L. 1958, ch. 989, § 2, subd. 11, par. a). It is not limited to examining witnesses in the county in which they reside or have their place of business or in which the transactions being investigated took place (*Matter of Sears [Shapiro]*, *supra*; *Matter of Frederick [Shapiro]*, 1 A D 2d 846, affd. 1 N Y 2d 693). Appellant has given reasons for holding the hearing in New York rather than Albany, and we do not find these reasons so spurious as to constitute a wrong of which cognizance should be taken (*Matter of Hirshfield* v. *Craig*, 239 N. Y. 98, 110). Order reversed, on the law and the facts, and petition dismissed, without costs. Coon, Herlihy and Reynolds, JJ., concur. Gibson, J. (concurring): The statement of the subject of the investigation, as it appears in the

subpœna, substantially complies with the statute (·Civil Rights Law, § 73, subd. 2) and is consonant with "fair procedure" thereunder only because the words "but not limited to" are, in my view, to be deemed surplusage, and do not serve to expand the scope of the inquiry to which petitioner is subject beyond that outlined by the language immediately following. Bergan, P. J. (dissenting) : The 1954 statute (Civil Rights Law, § 73; L. 1954, ch. 414, § 2) was intended to set up a code of "fair procedure for investigating agencies", as we noted in *Matter of Barbara* (7 A D 2d 340). Its terms should be followed exactly by investigating agencies. This statute requires service on a witness of "a general statement of the subject of the investigation". A statement with the additional clause "not limited to" does not conform to the statute. A "general statement" of purpose does not mean a statement of unlimited purpose. The subpœna considered in *Matter of Dawn Operators* v. *Lyon* (283 App. Div. 358, appeal dismissed 307 N. Y. 673) was issued before the enactment of the 1954 statute.