William E. McClusky, J.
On June 15, 1964 a subpoena was issued by the Attorney-General pursuant to section 343 of the General Business Law, addressed to and served upon Robert Loner, directing his appearance and the giving of testimony in Syracuse at the State Office Building therein. A show cause order was secured by Mr. Loner restraining the Attorney-General from proceeding under subpoena. The claimant herein seeks to quash the subpoena — first, because the Attorney-General has no such power in the premises; secondly, because the Powers Regulator Company was not and never has been a subcontractor on State building construction jobs; thirdly, said company is at most a supplier to subcontractors; and finally, because the proceeding is too indefinite and vague.
There is no question but that the authority for the Attorney-General’s activities is section 343 of the General Business Law. That provides that: ‘1 Whenever it shall appear to the attorney general, either upon complaint or otherwise, that any person or persons, partnership, corporation, company, trust or association shall have engaged in or engages in or is about to engage in any act or practice by this article prohibited or declared to be illegal, or that any person, persons, partnership, corporation, company, trust or association has assisted or participated in any plan, scheme, agreement or combination of the nature described herein, or whenever he believes it to be in the public interest that an investigation be made, he may in his discretion either require or permit such person, persons, partnership, corporation, company, trust or association to file with him a statement in writing under oath or otherwise as to all the facts and circumstances concerning the subject matter which he believes is to be to the public interest to investigate. The attorney general may also require such other data and information as he may deem relevant and may make such special and independent investigations as he may deem necessary in connection with the matter. The attorney general, his deputy, assistant, or other officer designated by him, is empowered to subpoena witnesses, compel their attendance, examine them under oath before himself or a magistrate, a court of record or a judge or justice thereof, and require the production of any books or papers which he deems relevant or material to the inquiry.”
*824 The Attorney-General claims that the subpoena was issued pursuant to the power vested in the Attorney-General by section 343 of the General Business Law aforesaid in the proper performance of his official duties. The primary question to be determined is whether from the papers the authority was vested in the Attorney-General to issue such a subpoena. The secondary question, if the answer to the first question is in the affirmative, then is: did the Attorney-General have the authority to issue it to the petitioner herein, Loner, the supplier. If the answer is still in the affirmative, the proceeding must be dismissed.
The investigation as to whether or not there is a boycott by the members of the building trade industry and others to unlawfully interfere with the free exercise of any activity in this State or the free pursuit in this State of any lawful business, trade or occupation, in the manufacture, production, transportation, marketing or sale of any article or commodity of common use or of any service, is properly a subject for investigation by the Attorney-General. He claims that there is information in his possession of an alleged boycott and conspiracy to boycott bidding upon construction under the New York State University Construction Fund. If there is such information in his possession, then the Attorney-General is justified in conducting an investigation into the practices. It is clearly one of the courses of conduct specified or envisaged under section 343 of the General Business. Law.
With reference to the subject of the investigation it is not limited to contractors or subcontractors. The Powers Regulator Company may be a supplier to contractors but that status does not relieve it or its employees from testifying in any investigation conducted under section 343 aforesaid. Such a claim is entirely beside the point. Anyone who possesses any information deemed to be pertinent to the inquiry by the Attorney-General is a proper subject for subpoena. Restricting the scope of a subpoena under section 343 aforesaid is a perfect example of an attempt to thwart the public good by reticence. Such is condemned by the Court of Appeals in Matter of Edge-Ho Holding Corp. (256 N. Y. 374, 380). A subpoena may-be issued not only to the parties to the controversy but to strangers as well. (Matter of Syracuse Co-op Milk Distrs. Bargaining Agency v. Attorney-General, 13 Misc 2d 26.)
The case of Matter of La Belle Creole Int. v. Attorney-General (10 N Y 2d 192) is apt to the present situation. Clearly it is not incumbent on the Attorney-General to disclose the violation of the law or the fraudulent or illegal acts against which this inquiry *825 is directed. (Lefkowitz v. Fred Astaire Dance Studios, N. Y. L. J., July 7, 1964, p. 7, col. 5.)
Without passing upon the question as to whether or not a motion to quash may be entertained in a proceeding such as this, the court holds the subpoena issued herein was valid and that petitioner Louer is directed to appear at such later time and place as the parties may agree upon. No costs.