OPINION OF THE COURT
Bentley Kassal, J.*
Petitioners move to quash two nonjudicial subpoenas duces tecum served upon them by respondent Temporary Commission of Investigation of the State of New York (Commission), or, in the alternative, for a declaratory judgment holding (1) that the statute enumerating the Commission’s powers is unconstitutional as applied and (2) that these subpoenas violate a variety of petitioners’ Federal and State constitutional rights. Respondent Commission cross-moves to compel compliance with these subpoenas.
*769 FACTS
Certain premises, located at 2961 Atlantic Avenue, were purchased by petitioner 2961 Atlantic Realty Corp. (Atlantic) in 1972. Petitioner Klaner Realty Corp. (Klaner) bought this building from Atlantic in 1977, subject to the prior mortgage of Cavau, Inc. On August 1,1979, title was allegedly conveyed to the City of New York, pursuant to a judgment of foreclosure.
A fire destroyed the subject premises on September 12, 1979. Commission claims that the city’s fire department marshals determined that this fire was caused by arson, and that Klaner’s proof of loss statement, sworn to in November, 1979, and forwarded to its insurer, incorrectly indicated that Klaner was the “owner in fee” and that “no other person or persons had any interest [in this premises] * * * or incumbrance thereon”. It is also claimed that Klaner, through its vice-president, petitioner Pal Weis (Weis), thereby omitted both New York City’s ownership interest and Cavau, Inc.’s mortgage interest in the building.
The Commissioner asserts that “a major facet of [its] * * * investigation into this problem of profit from arson in New York involves the submission of false and misleading insurance claims * * * designed to defraud persons with an interest in insurance proceeds superior to the insured’s”. These two subpoenas are allegedly issued in connection with an investigation into arson for profit and require the attendance of petitioner Weis at a hearing and the production of records by Atlantic and Klaner before the Commission.
CONSTITUTIONALITY
Petitioners’ first assertion is that the Commission does not have the power to investigate into this matter. The Commission was established by the Legislature in 1958 (L 1958, ch 989) as a “temporary commission for special purposes,” in accordance with section 3 of article V of the New York State Constitution. Section 3 of article V of the State Constitution, grants the legislature the power to establish the Commission. Having reviewed these statutes, it is clear that petitioners have failed to sustain their *770 burden of establishing that any portion of the Constitution, or any basic constitutional doctrine, has been infringed upon or violated by the Commission in issuing these subpoenas.
The “special purposes” of the Commission — i.e., its functions, powers and duties — are set forth in pertinent part in chapter 989 (§ 2, subd 1) of the Laws of 1958 and include
“the duty and power to conduct investigations in connection with * * *
“c. Any matter concerning the public peace, public safety and public justice.”
In addition chapter 989 (§ 2, subd 7) of the Laws of 1958, which sets forth one of the Commission’s duties concerning the referral of information compiled during an investigation, states that “Whenever it shall appear to the Commission that there is cause for the prosecution for a crime * * * the commission shall refer the evidence of such crime or misconduct to the officials authorized to conduct the prosecution”.
In order to carry out its duties fully, the Commission has been granted broad powers set out, in part, at chapter 989 (§ 2, subd 11) of the Laws of 1958 as follows: “to conduct any investigation authorized by this section” (par a), “[t]o * * * subpoena witnesses, compel their attendance, examine them under oath or affirmation and require the production of any books, records, documents or other evidence it may deem relevant or material to an investigation” (par c); and to obtain judicial enforcement of its supboena under threat of imprisonment (see Penal Law, § 215.65, “Criminal contempt of a temporary state commission”, and CPLR 2308, “Disobedience of subpoena”).
With respect to petitioners’ argument that their constitutional right to due process has been violated, in that the Commission’s description of its investigation is overbroad and vague, it appears that petitioners’ due process rights are satisfied by the Commission’s compliance with section 73 of the Civil Rights Law (the “Code of fair procedure for investigating agencies”).
*771 Petitioners cite subdivision 2 of section 73 of the Civil Rights Law and argue (a) that the general statement of the subject of the investigation, provided in the subpoenas, does not explain with a reasonable degree of certainty the areas to be covered in questioning at the hearing, and (b) that no copy of the resolution or order authorizing the investigation has been provided by the Commission. Subdivision 2 of section 73 of the Civil Rights Law, in this regard, requires that: “No person may be required to appear at a hearing or to testify at a hearing unless there has been personally served upon him prior to the time when he is required to appear * * * a general statement of the subject of the investigation. A copy of the resolution, statute, order or other provision of law authorizing the investigation shall be furnished by the agency upon request therefor by the person summoned.”
The “general statement of the subject of the investigation” used in the Commission’s subpoenas has been upheld by the courts on several occasions (see, e.g., Pennock v Lane, 18 AD2d 1043; Ryan v Temporary Comm. of Investigation, 16 AD2d 1022, 1024, affd 12 NY2d 708). Without disclosing confidential information, the commission has sustained its burden of “show[ing that] the records [sought] bear a reasonable relation to the subject matter under investigation and the public purpose to be served”. (Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 256.)
The Commission is empowered to conduct this investigation into “the problem of arson and other matters related thereto” by chapter 989 (§ 2, subd 1) of the Laws of 1958 which authorizes the Commission, inter alia, to investigate “matter[s] concerning the public peace, public safety and public justice.” The Commission, a law enforcement and evidence gathering body, is acting within its authority under chapter 989 (§ 2, subd 1) of the Laws of 1958 in seeking to gather evidence of conduct possibly violative of State laws (e.g., Penal Law, art 150, §§ 155.35, 175.30, 175.35, 175.50, art 176, §§ 185.10, 210.15; US Code, tit 18, § 1341). The Commission’s jurisdiction, as explained above, is not limited to noncriminal matters. It can gather evidence of a criminal nature and is charged with providing that evidence to the appropriate officials (see L 1958, *772 ch 989, § 2, subds 1, 7). Moreover, in furtherance of its investigation, the Commission is empowered to issue subpoenas to any private person, public employee or corporation, including petitioners, who may have information relevant to the matters under investigation.
RELEVANCY
Petitioners also contend that the testimony and records subpoenaed are irrelevant. The Commission claims to be seeking testimony and documentary evidence necessary and material to its investigation of the profit from arson through insurance fraud in New York State.
The subpoenas issued to petitioners ask for two classes of records relating to the petitioners and the subject property and do seek relevant information to, for example, (a) identify all persons with an interest in and/or control of 2961 Atlantic Avenue and (b) provide essential information concerning the value and management of this property and any insurance claims filed for fire damage to the premises. However, the subpoenas also request production of books and records that are not presented relevant to the Commission’s investigation into an alleged arson for profit scheme, such as corporate minutes, tax returns and financial statements. To this extent, the subpoenas are too far-reaching and constitute an improper “fishing expedition” on the Commission’s part. Therefore, items numbered l-III are hereby deleted from each subpoena and need not be furnished by petitioners.
Petitioners’ argument concerning relevancy, as it relates to testimony, is premature. The Commission has the power to issue a subpoena duces tecum and to compel the attendance of the witness so long as the investigation being conducted is within the Commission’s authority. (See 2A Weinstein-Korn-Miller, NY Civ Prac, pars 2301.08, 2304.06.) Of course, particular questions posed to the witness must meet certain tests of relevancy and materiality. Obviously, it is not until the witness appears at the hearing and questions are put to him, that the witness is in a position to challenge the questions.
Petitioners’ contention that the subpoenas are overbroad because they do not expressly state the period of time for *773 which records are sought is also without merit. The period of time for which the Commission seeks records of the corporation is, as respondént states, implicit in the types of records sought; i.e., records concerning the property relate back to the date of purchase and records concerning insurance matters relate back to their dates of creation and/or occurrence.
CONCLUSION
Accordingly, the application by the petitioners to quash the two subpoenas in their entirety is denied and, at this juncture, the cross motion by the respondent Commission to compel compliance therewith is granted only as to the records listed in items numbered IV-VII inclusive therein.
Petitioner shall appear before the State Commission of Investigation at 270 Broadway, New York, New York, 26th Floor, on a date, time, and place to be fixed in the judgment entered hereon.

 Assigned to Justice Kassal by order of Administrative Judge Edward R. Dudley, June 4, 1982.