OPINION OF THE COURT
Donald N. Silverman, J.
This decision addresses two separate applications. Each application seeks to vacate a sealing order in the case of People v Riner (Westchester County index No. 92-0001). The records sought include those of the court, the police, and the prosecutor. The entities seeking access are: the Temporary State Commission of Investigation (hereinafter TSCI) and the Town of Mt. Pleasant (hereinafter the Town) and its police department. For the reasons which follow, each application will be granted.
The facts concerning these applications are not in dispute. In December of 1991, three-month-old Kristie Fischer was killed as a result of a fire at her home in the Town of Mt. Pleasant, New York. Following the infant’s death, her nanny, Olivia Riner, a 20-year-old Swiss national, was charged with four counts of murder in the second degree and one count of arson in the first degree. On July 7, 1992 a jury acquitted Ms. Riner of all charges.
During the course of this trial and in its aftermath, the competency of the investigation carried out by the Mt. Pleasant Police Department (MPPD) was called into question by defense counsel, the media and the court itself. The questions surrounding the MPPD’s handling of the criminal investigation are the basis for the applications before the court.
The Town and the TSCI both seek to have access to records in the case which were sealed by operation of law (CPL 160.50 [1]). The first application was brought by the TSCI. The TSCI conducts investigations into various criminal and administrative activities throughout the State. Because of the notoriety generated by the Riner case, the TSCI resolved to undertake a formal inquiry into this matter. The scope of their investigation includes the conduct of both the MPPD and the Westchester County District Attorney’s office.
The second application is a joint one from the Town of Mt. Pleasant and its police department. The same notoriety led members of the Mt. Pleasant Town Board to authorize an evaluation of the MPPD by outside consultants, Decision Strategies, whose principals are Joseph Jaffe and Bart *824 Schwartz, both named in the caption. The scope of the Town’s application was at first limited to an evaluation of the performance of its police department. Subsequent to the commencement of these applications to unseal records, Olivia Riner filed a notice of claim against the Town of Mt. Pleasant, County of Westchester and State of New York for, amongst other things, false arrest and imprisonment and malicious prosecution. With leave of the court, the Town of Mt. Pleasant was permitted to supplement its application by citing the notice of claim as an additional reason to unseal the records.
The sealing statute, CPL 160.50 (1), provides that all records (including those of the police and prosecutor) be sealed upon completion of a trial where an accused is acquitted. "The statute serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of [their] having once been the object of an unsustained accusation.” (Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979].)
The grounds for unsealing these records are quite limited. Among the six statutory exceptions, only one, CPL 160.50 (1) (d) (ii), known as the law enforcement exception, has any particular relevance to the instant case. This provision of the statute allows for an unsealing where a law enforcement agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it. Here, both applicants claim this exception as grounds for unsealing. In addition, the Town now claims that Ms. Riner’s notice of claim effectively constitutes a waiver of any privilege to keep the records sealed.
Both of the applicants contend that they are law enforcement agencies. However, the definition of law enforcement agency as set forth by the case law is quite narrow. For example, in Matter of Hynes v Karassik (supra) it was found that a grievance committee acting under a statutory grant of authority over attorneys did not qualify as a law enforcement agency. (See also, Matter of Dondi, 63 NY2d 331, 336 [1984].) In Matter of Police Commr. of City of N. Y. (131 Misc 2d 965, 703 [Sup Ct 1986]), it was found that a police department did not qualify under the law enforcement exception when its purpose was to discipline its officers.
The TSCI is a law enforcement agency (see, Matter of 2961 Realty Corp. v Temporary Commn. of Investigation, 115 Misc 2d 768, 773 [Sup Ct 1982]). It was created by the Legislature *825 in 1958 and has been empowered with a wide range of investigative duties. The TSCI has the power to "conduct investigations in connection with * * * [t]he faithful execution and effective enforcement of the laws of the state * * * The conduct of public officers and public employees * * * [a]nd any matter concerning the public peace, public safety and public justice.” (McKinney’s Uncons Laws of NY § 7502 [1] [a], [b], [c].) TSCI investigators are considered peace officers. Further, the Commission has the right to issue subpoenas to compel testimony if necessary. (McKinney’s Uncons Laws of NY § 7502 [11] [c], as added by L 1958, ch 989, § 2 [c].) Its purpose in seeking to unseal these records is in conformance with the law enforcement exception.
Absent Ms. Riner’s notice of claim, the Town application would fail to qualify under the law enforcement exception. Although the MPPD is, of course, a law enforcement agency, the initial purpose of the application could be characterized as disciplinary.
The second part of the law enforcement exception is the determination of whether an unsealing would be in the interests of justice (CPL 160.50 [1] [d] [ii]). The objective of the investigation by the TSCI is to determine if the MPPD and the District Attorney’s office conducted a competent and complete investigation and prosecution of the crime. The TSCI is specifically charged with the investigative power to review the conduct of public officers and officials (see, McKinney’s Uncons Laws of NY § 7502 [1] [b], [c]). Here they seek to determine if justice was served by the performance of the officers in question and to make appropriate reform recommendations if this was not the case. This is clearly within the scope of their statutory authority. The court finds that its request is in the interests of justice and therefore satisfies the second criterion of the law enforcement exception.
In addition to the statutory exceptions outlined in CPL 160.50 (1) (d), records may be unsealed under the authority of the court’s inherent powers (see, Gabrelian v Gabrelian, 108 AD2d 445, 463 [1985]). Since a court’s inherent power over its own records does not extend to those of the police or prosecutor, any unsealing under this power is less inclusive than that under the statute. (See, Matter of Weisberg v Police Dept., 46 Misc 2d 846 [Sup Ct 1965]; Matter of Dorothy D., 49 NY2d 212, 217 [1980].) The court’s inherent power grows out of the measure of discretionary authority courts enjoy with respect to their own records insofar as they pertain to the business of *826 the court and when essential to the proper administration of justice (see, Matter of Dondi, supra; Matter of Police Commr. of City of N. Y., supra). In applying the court’s inherent power, as contrasted to the statutory one, a more restrictive standard has been recognized. The more restrictive analysis consists of a compelling demonstration which must identify that without an unsealing, the énds of protecting the public cannot be accomplished. Another relevant concern in this analysis is how the records would be used by the requesting entity (see, Matter of State Commn. on Judicial Conduct, 108 Misc 2d 800, 802 [Sup Ct 1981]).
Recent inherent power cases illustrate this strict standard. In Matter of Hynes v Karassik (supra), the issue before the Court of Appeals was whether a sealing order following the acquittal of an attorney operated to prevent the records from being used in a subsequent investigation into the attorney’s fitness to practice law. The Court found that an exercise of inherent power was inappropriate because the grievance committee conducting the investigation had not made a compelling demonstration identifying why the record should be released (see also, Matter of Dondi, supra).
If the information sought in the sealed record is readily available from another source, this is a factor which may preclude access. Convenience alone would not warrant unsealing. Before Ms. Riner’s notice of claim was filed, the Town had not provided this court with any evidence that an investigation of the MPPD could not take place without the sealed records. While unsealing the Riner records might be helpful to the Town’s investigation, an evaluation of the MPPD’s operational methods and competency could be determined through other investigative means.
The notice of claim filed against the Town, however, casts a different light on the Town’s application. It also presents this court with an issue which is without known precedent. It is well settled that once a person who has been acquitted brings a civil action against his or her former accusers, such action constitutes an effective waiver of protections accorded under the sealing statute (CPL 160.50; see, Gebbie v Gertz Div. of Allied Stores, 94 AD2d 165). Counsel for Ms. Riner argues that since a notice of claim does not constitute a plenary civil action no waiver has occurred. It appears to this court, however, that the reasons which justify unsealing once a civil action has commenced exists as well when a notice of claim is filed. The very purpose of the notice is to provide a municipal *827 ity with an opportunity to investigate the claim against it, and seek to adjust the claim before a civil action is brought. If the records of the event complained of are unavailable, the purpose of the notice statute is thwarted. It is this court’s opinion that Ms. Riner should not be permitted to use the sealing statute as both a sword and shield. If she intends to sue the Town, as the notice of claim promises, the Town should have a right to investigate the claim and defend itself.
The applications of both the TSCI and the Town include a request for the unsealing of the Grand Jury records. The court has discretion to release these records when, after balancing a public interest in disclosure against the one favoring secrecy, the former outweighs the latter. (People v Di Napoli, 27 NY2d 229, 238 [1970].) One seeking disclosure must first demonstrate a compelling and particularized need for access. (Matter of District Attorney of Suffolk County, 58 NY2d 436, 446 [1983].) For the reasons previously stated the court believes disclosure would be in the public interest. Furthermore, since most of the testimony given before the Grand Jury was repeated publicly during trial there is little or no secrecy interest to protect here.
Accordingly, the application by both the TSCI and the Town to unseal the records in the case of People v Riner is hereby granted with the following conditions: the records unsealed will be kept strictly confidential by both parties, and the TSCI shall make an application to the court, on notice to Ms. Riner, should it seek to publicly disclose the previously sealed records. Neither the Town nor its police department may publicly release any information from the sealed records other than in the context of its defense of any civil lawsuit brought by Ms. Riner. Copies of any and all records unsealed and viewed by either TSCI or the Town shall be made available to Ms. Riner or her attorney.