Bernard S. Meyer, J.
This proceeding seeks the removal and destruction of an arrest card from the records of the Police Department of the Village of Lynbrook and the Nassau County Police Department. It appears that petitioner is a diabetic, and in 1959 while in a diabetic fit, entered a grocery store and sought to take something sweet to eat. He was arrested, but on hearing in the District Court, the above facts having been developed, the charge was withdrawn. Petitioner fears that the arrest record-mil hurt him professionally and in his efforts to obtain government employment.
That petitioner’s fears may not be groundless is suggested by the introduction by Senator Thomas Mackell of a bill (Senate Introductory No. 135) which would make it a misdemeanor for *847 any employer to ‘ ‘ inquire of or ask any person whether or not he has ever been arrested, as a condition of employment or continuing employment.” Nonetheless, the destruction of public records is a matter closely regulated by statute (Public Officers Law, §§ 65-a, 65-b; Education Law, § 147; G-eneral Municipal Law, § 51-a). Under those statutes destruction is made to turn upon microfilming, or the consent of the Commissioner of Education, and no provision is made for destruction with the consent of the court. Nor does the court have any inherent power over Police Department records, as it has with respect to its own records, to order the record sealed or otherwise withheld from public knowledge.
The conclusion thus reached is supported by the provision of section 552-a of the Code of Criminal Procedure that upon acquittal or dismissal of the charge, fingerprints taken as a condition to the admission to bail ‘‘ shall be returned to the defendant or destroyed in his presence, on demand ’ ’. It may well he that legislative consideration should be given to establishment of a means of limiting access to an arrest record when no information or indictment is returned. Absent legislative authorization, however, this court does not have the power to grant the order requested.
A short-form order has been entered dismissing the proceeding.