Ralph Diamond, J.
This is an ómnibus motion by the defendant s'eeking-the following relief:
1. An order declaring the arrest of the defendant j;o be null and void.
2. An order directing the police’department to expunge and destroy any and all arrest cards-and other records pertaining to defendant’s arrest.
3. An order directing the police department ito -return any and all photographs, photographic plates, or proof; palmprints and fingerprints of every kind and nature.
The facts in this matter are not in dispute.' The defendant Michael L. was arrested on August 25, 1974, by members of the Nassau County Policé Department and was charged with. *293 a violation of subdivision 1 of section 120.00 of the Penal Law, assault, a Class A misdemeanor.
The defendant was given an appearance ticket to appear the next day at the District Court and was further directed to present himself at the Nassau County police headquarters that same day to be booked, fingerprinted and photographed.
On August 26,1974, the defendant did appear at headquarters and was processed. He, with his parents, but without counsel, appeared in the District Court before Hon. William Gitelmau, who was then presiding in the arraignment part. The complainant, Mark Bilus, failed to appear to sign the accusatory instrument, which had been prepared by the District Attorney’s office in anticipation of his appearance. The complainant has never sworn to or signed any accusatory instrument against the defendant.
The District Attorney moved to withdraw and dismiss any charge against the defendant. The defendant and 'his parents, on the record, released the County of Nassau and the Nassau County Police Department from any and all claims arising out of the defendant’s arrest. Judge Gitelman granted the District Attorney’s motion and dismissed any charge against the defendant. Since then, the defendant has retained counsel, who has brought this omnibus motion.
The request to expunge or destroy arrest records to safeguard the character and reputation of a defendant is being raised with great frequency. A review of the decisions relating to this matter indicates that opinions differ as to the court’s authority to act, but are unanimous in concluding that a defendant’s arrest record may adversely affect his future and that the problem should be one of legislative concern. (Matter of Richard S. v. City of New York, 32 N Y 2d 592; Matter of Henry v. Looney, 65 Misc 2d 759; Matter of Weisberg v. Police Dept. of Vil. of Lynbrook, 46 Misc 2d 846.) However, the Legislature has failed to act and so the court must continue to resolve the problem on a case to case basis.
Justice Meyer in deciding an application to destroy the arrest records of the Police Departments of the Village of Lynbrook and the County of Nassau, stated:
‘ ‘ The destruction of public records is a matter closely regulated by «¡tatute (Public Officers Law, §§ 65-a, 65-b; Education Law, § 147; General Municipal Law, § 5La). Under those statutes destruction is made to turn on microfilming, or the consent of the iCommissioner of Education, and no provision is made for destruction with the consent of the Court. Nor does the court *294 have any inherent power over Police Department records, as it has with respect to its own records, to order the record sealed or otherwise withheld from public knowledge. * * * It may well be that legislative consideration should be given to establishment of a means of limiting access to an arrest record when no information or indictment is returned. Absent legislative authorization, however, this court does not have the power to grant the order requested.” (Matter of Weisberg v. Police Dept. of Vil. of Lynbrook, 46 Misc 2d 846.)
In the Matter of Henry v. Looney (65 Misc 2d 759, 760) then Justice and now Conrt of Appeals Judge Wachtler, had before him the question as to, “ whether a court may relieve a party of the practical stigma of a criminal arrest record ’ ’, he stated (p. 762) : “ Considering the facts of this case, as well as the youth and innocence of the petitioner, there could be no benefit to society in maintaining the arrest record and the absence of explicit statutory authority poses no automatic bar to the relief sought, particularly since the petition asserts a claim grounded on more than mere sympathy (see Menard v. Mitchell, supra; Wheeler v. Goodman, supra; United States v. Kalish, 271 F. Supp. 968; Matter of Smith (Vasquez), 63 Misc 2d 198; see, contra, Matter of Weisberg v. Police Dept. of Vil. of Lynbrook, 46 Misc 2d 846, in which the constitutional issue was not raised or considered). * * * Equally significant, on the other hand, is the fact that no benefit exists and no social purpose is served by the preservation of petitioner’s arrest record in this particular case. If the .record is employed as a basis upon which to subsequently suspect, harass o,r otherwise penalize the petitioner, it should not be, for again it is legally and logically indicative ,of nothing. Of course, not every .arrest record which fails to terminate with ,a conviction may .or should be automatically expunged, each case must be evaluated on an individual basis. Convictions frequently fail for reasons other than a defendant’s innocence. Evidence may be suppressed. Charges may be withdrawn. A victim may refuse to testify— o,r be unavailable. And yet there may well be a legitimate public interest in permitting retention of the arrest record in such instances.”
Judge Wachtler did grant an order (p. 763) directing the police department 1 ‘ to .obliterate his and his parents ’ surname from all records and other documents in their possession reflecting the fact of petitioner’s arrest.”
The Court of Appeals in Matter of Richard S. v. City of New York (32 N Y 2d 592, supra) had before it an application to *295 expunge police arrest .records. In an .opinion written .by Judge Gtabrielli, the decision of Justice Wachtler in the Matter of Henry v. Looney, was discussed as follows (p. 595): “ Our attention has been called to Matter of Henry v. Looney (65 Misc 2d 759) wherein then-Justice Wachtler directed that the infant’s name and his parents’ surname be obliterated, and that the records be otherwise sealed, subject to inspection upon order of the court. In that case, the juvenile’s apprehension was baseless and, because it was conceded that no offense had been committed and the entire .affair was a mistake, the charges were withdrawn. The court recognized, however, that when an arrest fails to terminate with an adjudication for reasons other than complete innocence, expunotion might be inappropriate.”
The 'Court of Appeals in the Richard 8. decision has recognized that in certain circumstances the court does have the power to issue an order to expunge and destroy police records pertaining to a defendant’s arrest. However, this power must be used sparingly and limited to circumstances where the arrest was baseless, no offense had been committed, the defendant was completely innocent and the entire affair was a mistake.
Applying the facts of the present motion to the guidelines set down in the Richard 8. decision, the court finds the following:
That a supporting deposition was in fact duly executed by the complainant Mark Bilus, on August 25,1974, in which he named the defendant as the person who struck him in the head. The defendant’s moving papers fail to deny the allegations contained in the complainant’s supporting affidavit, nor has any proof been submitted that the defendant was completely innocent and the entire affair a mistake.
The defendant contends that he u is not only purely innocent but is innocent as a matter of law ” because the complaint was never signed, defendant never .arraigned, ¡and no charge brought against him. The court points out that the charge against the defendant has already been dismissed. The issue before the court is whether to grant 'the current omnibus motion of the defendant based upon the facts of this case.
The defendant’s basis for seeking the herein relief is that the complainant never signed the “ complaint.” It is interesting to note that ian information against the defendant based upon information and belief could have been signed by Police Officer Burwell, the .officer who witnessed the supporting deposition of the complainant (see GPL 100.15, 100.20). However, the People decided instead to discontinue the matter.
*296 The court .concludes that the defendant does not meet the necessary guidelines to warrant an order ,to the police department to expunge or destroy the defendant’s arrest record, and therefore denies that motion.
The motion for an order ¡directing the Nassau County Police Department to return ¡any and all photographs, photographic plates or proof, paimprints and fingerprints of every kind and description is .granted, without opposition from the police department.
The motion for an order declaring the arrest of the defendant to be null and void is denied because the arrest was based upon probable cause, to wit, the supporting deposition of the herein complainant.
The court hereby orders that all records of this proceeding should be sealed and subject to inspection only ¡at the petitioner’s request or upon order of the court.