OPINION OF THE COURT
Bentley Kassal, J.
facts
In this action against the City of New York for injuries resulting from an alleged assault and battery by a police officer, while on duty, plaintiff’s attorneys, Washington Square Legal Services, Inc., affiliated with the New York University *150 School of Law, moves under CPLR 3113 (subd [b]) to take the deposition by video tape of the police officer at its offices, where its video tape equipment is located. Among the bases set forth for the requested relief, is that the video tape deposition is "necessary to foster the educational goals of the Urban Law Clinic of Washington Square Legal Services, Inc., by preserving the proceedings for classroom use and instruction.” Upon oral argument, plaintiffs counsel stressed that the video tape deposition was sought for the purpose of training law students in litigation practice and that to transport the video tape equipment for deposition outside their office where it is located would be very difficult.
ISSUES
 Defendant city does not question that the officer may be deposed by plaintiff but objects to the relief requested on two grounds: 1. The deposition should not be held at the offices of plaintiffs attorneys, citing CPLR 3110 (subd 3), which provides that the examination of a public corporation be held in the court; and 2. a video tape deposition may not be used for any purpose, other than this litigation, urging that it be sealed upon completion of the suit. It is not the function of the court to provide training films for New York University; nor is it the practice of the Corporation Counsel to instruct law students. And, upon oral argument, the Assistant Corporation Counsel argued that to allow the video tape to be used without limitation, as a training device for law students, might subject the officer to harassment and humiliation.
(The parties stipulated that, pending this decision, any video tape deposition would be used solely for the purposes of the litigation.)
DECISION
I SITUS OF DEPOSITION
The question of the situs of the deposition is easily resolved since the defendant is a public corporation. CPLR 3110 (subd 3) controls and, therefore the deposition will be held at the courthouse and conducted as provided in section 660.25 of title 22 of the NYCRR. Nor has the plaintiff demonstrated any special circumstances warranting an exception from this rule in this case.
*151 II PUBLIC ASPECT OF VIDEO TAPED DEPOSITIONS
The next issue is whether a video taped deposition may be used for any purposes extraneous to this litigation, such as a training device for law students.
I am not unmindful of the instructional needs of law students, whether it be by way of case materials, the simulation of trials and appeals, by way of moot court and finally clinical education including supervised actual court appearances. In the last category, to prepare for direct participation, it is essential to have role models, such as video tapes or the actual witnessing of trials, appeals, and motions. The value of training devices for lawyers-to-be in real situations, apart from conventional classroom courses, is undisputed. Nevertheless, this motion cannot be resolved solely on the basis that the student-attorneys require the video taped deposition as a training device since CPLR article 31 authorizes disclosure to obtain evidence which is "material and necessary in the prosecution or defense of an action”. No other purpose is set forth. However, this does not mean that the deposition, otherwise properly obtained, whether by video tape or in oral or in written form, must be sealed and not used for any purposes, other than in this action.
Court proceedings are generally, and rightly, a matter of public record, open and available to all, the public and law students alike. Exceptions are made for matrimonial, custody and related proceedings by section 235 of the Domestic Relations Law and for certain types of proceedings, not including the case at bar, by section 4 of the Judiciary Law.
A court has inherent control over its own records and may order records sealed in any case where circumstances require. (See Matter of Richard S. v City of New York, 32 NY2d 592; Matter of Donald J., 37 AD2d 717; People v Michael L., 80 Misc 2d 292.) However, except in those types of proceedings where by law the records are required to be sealed, this power should be used sparingly and only upon good cause shown. In this regard, this court notes the case of Mook v Matthews (52 Misc 2d 265) in which the court declined to apply the sealing provisions of section 235 of the Domestic Relations Law to an action, which although between spouses, was not one of the types of actions enumerated in that section.
The newly authorized device of a video tape deposition is a court record and it should be treated no differently than any *152 other court record, including conventional depositions in oral or written form. Therefore, although I find that one of the grounds urged here for video taping may not in itself be a valid predicate therefor, there is no basis for ordering such video taped deposition sealed and barred from access to any person, in any manner different from the rules, applicable to court proceedings generally. This additional educational use, of an otherwise public proceeding, does not render it confidential.
Indeed, the officer to be deposed may possibly be uncomfortable at being required to have his deposition taken by video tape, knowing that his deposition will be put on view by an unlimited number of persons. This is unfortunate but not in any significant degree different from any publication of court proceedings or for that matter, from his eventual testimony in open court. To seal the deposition for this reason would be to undermine the rule authorizing video tape depositions, the use of which should be as broad as that of other depositions. Furthermore, this aspect will undoubtedly disappear within the near future when video tape depositions cease to be a novelty (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3113:3, p 452).
The motion is granted to the extent that unless already taken, the named officer shall appear for deposition at 10:00 a.m. on May 25, 1978, at Special Term, Part II, of this court. Plaintiff may transcribe the deposition by any manner authorized by statute or rule without any limitations as to use thereof except as otherwise provided by law.