David S. Nelson, Esq. Village Attorney, Gouverneur
The school district for which you serve as attorney has prepared written reports concerning alleged criminal acts committed by students on school property and has submitted these reports to your village police department. In these reports, the district stated that it did not wish to prosecute the students involved in these incidents. The students have not, in fact, been prosecuted. The reports have been filed by the police department and entered in the department's records in the same manner as any other complaint alleging criminal misconduct. Based upon your letter and a telephone conversation with this office, you ask whether the police department, upon request of the school district, must return the reports to the district and expunge such reports from its records.
The records of a village police department are public records and may not be disposed of or expunged except as prescribed by statute (see, Matterof Weisberg v Police Department of Village of Lynbrook, 46 Misc.2d 846
[Sup Ct, Nassau Co, 1965]; People v Levine, 80 Misc.2d 292 [Dist Ct, Nassau Co, 1975]). The term "public records" is defined as including "any * * * paper * * * which any officer or employee of [any village or any subdivision thereof] has received for filing" (Education Law, § 144[1]).
We believe that the reports in question, which have been received and filed by your police department and their contents entered in the department's records, are "public records" (ibid.; Matter of Weisberg vPolice Department of Village of Lynbrook, supra; People v Levine,supra). Where such records are no longer in current use, the consent of the commissioner of education is required before they may be destroyed or otherwise disposed of (Education Law, § 147[1]; Public Officers Law, § 65-b; 8 NYCRR, subch N, Pt 185, § 185.6; 1969 Op Atty Gen 49). While the phrase "no longer in current use" is not defined by statute, we take it to mean that the records no longer have "sufficient administrative, fiscal or legal value to warrant [their] continued retention". (See, Public Officers Law, § 65-b[1][b].) If the records are in current use, they may not be expunged or otherwise disposed of (1969 Op Atty Gen 49). However, the originals of such records may, with the consent of the commissioner of education, be disposed of where reproductions have been made and have been retained in the municipal department's files for preservation and use (General Municipal Law, § 51-a; Sponsor's Memorandum to Governor, dated April 16, 1941 in relation to Sen Int 1049, Pr 2680, enacted by L 1941, ch 688, the present section 51-a).*
We note, in passing, that the disposition of court records and records in the custody of the district attorney is governed by the provisions of Judiciary Law, § 89.
We conclude that written reports concerning criminal activity committed on school property submitted by a school district to a village police department and filed in the department's records are public records. While in current use, such records may not be expunged, but the original reports may, with the consent of the commissioner of education, be returned to the district where reproductions have been made and retained by the department. Where such records are not in current use, they may be expunged and the original reports returned to the district, provided the consent of the commissioner is obtained.**
* To the extent that our 1969 opinion construed General Municipal Law, § 51-a as requiring municipal departments to reproduce records not in current use before such records could be disposed of and as being inapplicable to records which are in current use, it is superseded. The provisions of section 51-a in relation to the reproduction of records by municipal departments are permissive, not mandatory, and apply equally to records not in current use as well as those in current use (General Municipal Law, § 51-a; Sponsor's Memorandum, supra).
** We are not passing on whether these records are ones which the police department may withhold from the public under the Freedom of Information Law (Public Officers Law, § 87[2]).