Matter of A.B. (2006 NY Slip Op 52291(U))

[*1]

Matter of A.B.

2006 NY Slip Op 52291(U) [13 Misc 3d 1242(A)]

Decided on November 28, 2006

Family Court, Nassau County

Marks, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 28, 2006

Family Court, Nassau County
In the Matter of A.B., Respondent.
D-0000-04/06B

John G. Marks, J.
Under Docket No. D-0000-04, respondent, acting in concert with others, on or about Xxxx 00, 2004, at about 12:30AM, in the County of Nassau, State of New York, was charged with conduct which, if committed by a person sixteen (16) years of age or older, would constitute the crimes of:
a. Gang Assault 2nd Degree, in violation of PL 120.06, a C felony;
b. Attempted Gang Assault 2nd Degree, in violation of 110 of PL 120.06, a D felony;
c. Assault 2nd Degree, in violation of PL 120.05(2), a D felony;
d. Attempted Assault 2nd, in violation of 110 of PL 120.05(2), an E felony;
e. Assault 3rd Degree, in violation of PL 120.00(1), an A misdemeanor;
f. Attempted Assault 3rd Degree, in violation of 110 of PL 120.00(1), a B misdemeanor;
g. Assault 3rd Degree, in violation of PL 120.00(2), an A misdemeanor;
h. Reckless Endangerment 2nd Degree, in violation of PL 120.20, an A misdemeanor, and
i.Criminal Possession of a Weapon 4th Degree, in violation of PL 265.01(2),
an A misdemeanor.
The respondent waived a Fact Finding Hearing and admitted the conduct alleged in "e" set forth above.
An I&R was ordered which determined that the respondent required supervision, treatment or confinement and recommended probation. The Court, after reviewing the I&R and considering all other information brought before it, determined that the appropriate disposition, consistent with " . . . the needs and best interests of the respondent as well as the need for protection of the community" (FCA 352.2(2)(a), adjudicated A.B. a Juvenile Delinquent and placed him on probation for a period of twenty-four (24) months. (As an aside, this Court, in most cases, imposes the maximum period of probation which shall not exceed two (2) years and the Court advises the respondent that (s)he may seek to be discharged early from probation, as [*2]improved, upon demonstrating that (s)he no longer needs the services of probation and filing a modification of the Order of Disposition. The modification petition can be filed by the respondent, the Law Guardian or the Probation Department.) The respondent waived a Dispositional Hearing and consented to this disposition. On April 7, 2005, the respondent was placed on probation for twenty-four (24) months.
Consistent with the above, the Nassau County Probation Department, at the suggestion of this Court, filed a Petition(s) - Modification of Order of Disposition on May 1, 2006, for this respondent, and on behalf of several other respondents who met a criteria of being on probation for at least twelve (12) months, having not violated, and having completed any other specified conditions, to discharge him as IMPROVED. As to A.B., the modification petition sets forth "That since the entry of the last Order herein there has been a change of circumstances in that: Respondent has been under the supervision for a year or more and has made a positive adjustment. In Probation's opinion, Respondent has received maximum benefit from Probation Supervision." On May 17, 2006, an Early Graduation From Probation Ceremony was held in Nassau County Family Court. A.B.'s petition, as well as several others, were granted. A.B. was discharged from probation as IMPROVED.
Respondent now moves, by Order To Show Cause, for the following relief:
"1. Pursuant to NY Family Court Act §375.3, expunging* the Nassau County Family Court record relative to A.B., and bearing File No.: 0000, and Docket No.: D-00000-04, and any and all records maintained by the Authorized Presentment Agency, to wit, the Nassau County Attorney's Office, as well as the records of any related police and probation agencies/departments, relative to A.B., and arising out of an incident of Xxxx 00, 2004;

2. Alternatively, pursuant to NY Family Court Act §375.2, sealing** the Nassau County Family Court record relative to A.B., and bearing File No.: 0000, and Docket No.: D-00000-04, and any and all records maintained by the Authorized Presentment Agency, to wit, the Nassau County Attorney's Office, as well as the records of any related police and probation agencies/departments, relative to A.B., and arising out of an incident of Xxxx 00, 2004;
3. Alternatively, in the event this esteemed Court denies the above requested relief, then pursuant to NY Family Court Act §375.2(4) it is hereby requested that said Court allow the Respondent to renew application (sic) at any time thereafter;
4. Lastly, respondent seeks as order for such other and further relief as this Court may deem just and proper."
In support of said relief, respondent submitted an Affirmation In Support by Adam D. Glassman, Esq., dated August 31, 2006; an Affidavit of respondent's mother, G.P., sworn to on August 29, 2006; an Affidavit by respondent, A.B., dated August 29, 2006; three (3) letters in support of respondent's application; the Order Upon Fact Finding; the Order of Disposition and [*3]an Order modifying the Order of Disposition granting respondent early release from probation as improved.
The papers submitted in support of the instant application state, that:
A.B. " . . . has been a mature, responsible and productive young man. Most significantly, he has diligently attended counseling twice a week; met with his probation officer on numerous occasions; attended school regularly and, in fact, registered to start a new semester at Xxxxxx Xxxxxx College this fall; and this past summer, he maintained a part-time job with a mortgage brokerage." See Attorney's Affirmation.
A.B. has expressed remorse for his actions, empathy for the victim and apologized for embarrassing his family. He learned a lesson from this terrible incident which has made him grow into a wonderful young adult who has a good head on his shoulders and a positive outlook for a successful future. See Mother's Affidavit.
A.B. has taken numerous steps to become a responsible and productive young man. He has made a positive adjustment in his life since this incident and has expressed remorse for his conduct, at least to his family. See A.B.'s Affidavit.
The Presentment Agency by DCA Gregg Roth submitted an Affirmation dated September 11, 2006, opposing so much of respondent's application as requests to expunge the records, but does not oppose respondent's application to seal the records.
The controlling statutes are:
FCA 354.1(2), in relevant part, sets forth: "If a person whose fingerprints, palmprints or photographs were taken pursuant to 306.1 or . . . , has had all petitions disposed of by the family court in any manner other than an adjudication of juvenile delinquency for a felony, . . ., all such fingerprints, palmprints, photographs, and copies thereof, and all information relating to such allegations obtained by the division of criminal justice services pursuant to 306.1 shall be destroyed forthwith. The clerk of the court shall notify the commissioner of the division of criminal justice services and the heads of all police departments and law enforcement agencies having copies of such records, who shall destroy such records without unnecessary delay."
FCA 375.2, in relevant part, sets forth: "(1) If an action has resulted in a finding of delinquency pursuant to subdivision one of section 352.1 other than a finding that the respondent committed a designated felony act, the court may, in the interest of justice and upon motion of the respondent, order the sealing of appropriate records pursuant to subdivision one of 375.1. (2) Such motion must be in writing and may be filed at any time subsequent to the entering of such finding. . . . (3) The court shall state on the record its reasons for granting or denying the motion. (4) If such motion is denied, . . . . (5) The court shall not order the sealing of any records [*4]except as prescribed by this section or 375.1. (6) Such a motion can not be filed until the respondent's sixteenth birthday."
FCA 375.3 sets forth: "Nothing contained in this article shall preclude the court's use of its inherent power to order the expungement of court records."
Juvenile Delinquent proceedings are set forth in Article 3 of the Family Court Act. The purpose of Article 3 as set forth in 301.1 is to establish procedures in accordance with due process of law (a) to determine whether a person is a juvenile delinquent and (b) to issue an appropriate order of disposition for any person who is adjudged a juvenile delinquent.
This Court believes that in keeping with the ultimate goal of the Family Court in juvenile delinquency proceedings to protect the community while holding the offending respondents accountable for their conduct, the Court, at the same time, has the responsibility to help the offenders develop the skills and attitudes they need to succeed in becoming law-abiding and productive members of society.
With this in mind, pursuant to FCA 355.1, this Court, sua sponte, directed the Probation Department to look into, and where appropriate, file petitions to modify dispositions of persons adjudicated juvenile delinquents and placed on probation by this Court. Those eligible were discharged from probation as improved.
The respondent was adjudicated a juvenile delinquent for conduct which if committed by an adult would constitute a misdemeanor. This is his only known juvenile delinquent activity. He is now older than sixteen (16) years of age which makes him beyond the jurisdiction of Family Court and he has filed the appropriate motion. While on probation, he demonstrated to the probation department that he no longer needed probation supervision to lead a law-abiding life. This Court determined that the respondent, through his own efforts and with the guidance of probation, no longer required probation supervision and discharged him early from probation as improved. The respondent has been rehabilitated.
Respondent now moves to have the records sealed and expunged pursuant to the above cited statutes.
This Court does not believe that its responsibility to a respondent ends at disposition. When appropriate for the continued rehabilitation of a respondent, the court should consider its use of its inherent power to seal a respondent's Family Court record pursuant to FCA 354.1(2) and 375.2.
For the foregoing reasons, this Court determines that the continued rehabilitation of this respondent would be best served by the sealing of his court and probation records.
[*5]
Respondent's request for expunction of the ". . . Nassau County Family Court record relative to A.B., and bearing File No.: 0000, and Docket No.: D-00000-04, and any and all records maintained by the Authorized Presentment Agency, to wit, the Nassau County Attorney's Office, as well as the records of any related police and probation agencies/departments, relative to A.B., and arising out of an incident of Xxxx 00, 2004" is denied.
Although the "Family Court has, of course, inherent power over its own records" (Matter of Richard S. v. City of New York, 32 NY2d 592), " . . . the court's inherent power over its own records does not extend to the records of executive agencies not normally subject to its direction, particularly those of the police." (Matter of Walter Weisberger v. Police Department of Village of Lynbrook, 46 Misc 2d 846). "The power to expunge should not be indiscriminately employed, particularly where, for example, the adjudication which terminates the arrest is not for reasons not consistent with complete innocence." (Matter of Henry v. Looney, 65 Misc 2d 759.)
The termination of this matter did not result from the respondent's complete innocence nor were any relevant factors set forth in support of the instant application that demonstrate that if the court were to use its inherent power to expunge this record, it would be anything but an indiscriminate use of such power.
*Expunction is the total obliteration or destruction of the records, including the obliteration of computer or other automated records. Once a record has been expunged, it can never be retrieved or recovered. Practice Commentaries, McKinney's Consolidated Laws of New York Annotated, Section 375.3.
** Sealing involves the closure of records to insure that they are unavailable; consequently, a sealed record cannot be obtained or reviewed by any person or agency (other than the respondent or designated agent). Practice Commentaries, supra.
This constitutes the Decision and Order of the Court.
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT OR 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, WHICHEVER IS EARLIEST.
ENTER
______________________________
HON. JOHN G. MARKS
Judge of the Family Court
[*6]
Dated: November 28, 2006
Check applicable box:
 Order mailed on [specify date(s) and to whom mailed]:__________________________________
 Order received in court on [specify date(s) and to whom given]:___________________________